IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KYLE GEE,<br><br>      Plaintiff,<br><br>vs.<br><br>LOCKTON, INC., et al.,<br><br>      Defendants. | CV 20-165-BLG-SPW<br><br>ORDER RE DEFENDANTS'<br>MOTION TO DISMISS |

Before the Court is Defendants Lockton, Inc., *et al.*'s ("Lockton") Partial Motion to Dismiss (Doc. 9), filed December 23, 2020. Plaintiff Kyle Gee responded to the motion on January 13, 2021. (Doc. 16). Lockton filed their reply on January 27, 2021. (Doc. 21). The motion is deemed ripe and ready for adjudication.

I. **RELEVANT BACKGROUND**

As alleged in the complaint, Kyle Gee is a former employee of Billings Clinic and member of the Clinic's Senior Executive Team ("SET"). Lockton is the world's largest privately owned and independent insurance broker.

In 2015, Billings Clinic partnered with Lockton to design and implement an enhanced income disability insurance benefit plan ("the Disability Plan or Plan") for SET members. Billings Clinic explained to SET members that the new plan

1

was designed to provide maximum income protection. Representatives from Lockton met with SET members, including Gee, on September 15, 2015 to explain the Disability Plan's structure and benefits. Lockton stated that the Plan consisted of two policies: an employer paid group LTD policy and a supplemental LTD policy. The first policy would provide 60% of a SET member's gross income up to $10,000 a month in the event of a disability. The second policy would provide additional income coverage up to $12,500 a month. Lockton represented that the two policies would complement each other to provide up to a combined $22,500 a month ($450,000 annually) in income protection. Lockton provided each member with a personalized proposal for the supplemental insurance policy. The personalized policies came from MassMutual Life Insurance Company and Reliastar Life Insurance Company provided the group policy.

On January 1, 2017, Billings Clinic and Lockton decided to change insurers for one of the policies underlying the SET disability plan. As a result, Sun Life Assurance Company of Canada replaced the Reliastar group policy in the Plan. It is unclear what information was provided to Gee and other SET members about this policy change.

Beginning in October 2017, injuries from a previous car accident prevented Gee from continuing in his employment. Gee resigned from his position at Billings Clinic on November 30, 2017 due to disability and applied for disability benefits

2

under the Plan in December 2017. MassMutual awarded benefits under its policy on March 13, 2018 at a rate of $4,457 a month. That same day, Sun Life denied Gee's claim for additional benefits.

On April 15, 2019, Gee filed a civil action against Sun Life seeking full recovery of benefits due under the policy. On May 14, 2019, Sun Life asserted an affirmative defense to Gee's claim that any benefits owed to Gee under the insurance company's policy were subject to an offset from any other insurance benefits received from an employer's group plan. Sun Life claimed this offset allowed the company to deduct the full value of the benefits Gee received under the MassMutual Insurance policy. The parties eventually settled the case in November 2019.

Gee subsequently filed the present lawsuit on November 4, 2020 seeking recovery of the supplemental income benefits from Lockton. Relevant to this motion are Gee's claims for negligent misrepresentation (Count II) and violation of Montana's Unfair Trade Practices Act ("UTPA") (Count III) stemming from Lockton's representations about the Disability Plan's income recovery benefits. Lockton now seeks to dismiss those Counts for failure to state a legally cognizable claim.

//

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to the non-moving party. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). However, the complaint is insufficient if it provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

If the complaint fails to demonstrate facial plausibility, the reviewing court "'should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir 2000) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995).

//

4

## III. DISCUSSION

Lockton bases their argument on the representations Lockton representatives made to Gee and other SET members on September 15, 2015. At the time these representations were made, the Plan consisted of two policies: one from MassMutual and one from Reliastar. Lockton argues that the representations made that day were directed only at the Plan as it existed then. When the Reliastar policy was changed to the Sun Life policy in 2017, the representations were rendered moot. Thus, according to the Defendants, Gee's claims that Lockton negligently misrepresented benefits owed to him under the Plan in 2017 are legally insufficient because Gee's complaint only references representations made in 2015 and says nothing about representations occurring after the 2017 policy change. Not only does this failure to include any allegations about 2017 representations make Count II and Count III legally insufficient, but any claims Gee could have raised concerning the 2015 representations have long since passed the statute of limitations.

Gee responds that Lockton's argument is hyper-technical and does not accurately reflect the complaint's allegations. Instead, the complaint sufficiently states legal claims based on Lockton's representations about the benefits and purpose of the Disability Plan as a whole, not based on what particular policy was contained in the Plan. Gee argues that "Lockton advised members of the SET,

5

including Gee, that SET members would be covered by 'maximum income protection' because Lockton's Disability Plan contains a group LTD policy and a supplemental LTD policy complementing each other by providing additional income protection in the event of a qualifying disability." (Doc. 16 at 6). The materials provided to Gee and other SET members did not mention an insurance policy by name but described the Disability Plan as consisting of a primary layer of coverage and a secondary, supplemental layer for additional income protection. As such, Gee asserts that Lockton's motion should be denied because the complaint alleges sufficient facts that Lockton made material misrepresentations about the Disability Plan which Gee relied on to his detriment when Sun Life offset any additional income benefits due to Gee.

> The Court agrees with Gee's argument. As alleged in the complaint:
>
> On September 15, 2015, at a meeting in Billings with SET members, Lockton representatives presented and explained options under the enhanced disability income structure that would be offered to SET members. Lockton represented that the new disability income benefit offered to the SET members was two pronged: (i) a new employer paid group LTD policy would provide SET members with 60% gross income replacement of up to $10,000 per month; and (ii) a supplemental LTD policy would provide SET members with additional income replacement coverage of up to $12,500 per month.
>
> At the September 15, 2015, meeting, Lockton representatives advised SET members, including Gee, that the combination of both income disability policies – the initial layer of *primary* group LTD coverage and the *supplemental* policy covering income above the primary policy cap – would protect compensation up to $22,500 per month, or $450,000 annually. (Doc. 1 at 5) (emphasis in original).

6

. . .
> At the September 15, 2015, meeting, Lockton representatives provided each individual SET member, including Gee, a personalized proposal for the supplemental layer of disability income benefits. The individual proposals were from MassMutual Life Insurance Company ("MassMutual"). (Id. at 6).

These allegations make clear that the representations Gee claims were negligent are those regarding the structure and purpose of the Disability Plan as a whole, not necessarily the individual policies making up that Plan. Whether or not those representations were justifiably relied on after the 2017 change in policy is a factual question for a jury's determination. However, the Court finds that Gee's complaint contains sufficient facts, taken as true, to plead a cognizable claim for negligent misrepresentation and violation of the UTPA.

Further, because Gee's claims rest on Lockton's representations about the Disability Plan and the supposed benefits it was meant to convey, the Court finds that Gee's claims are not barred by the statute of limitations. The statute of limitations is three years for negligent misrepresentation and two years for UTPA claims. *Hein v. Scott*, 353 P.3d 494, 497 (Mont. 2015); § 27-2-211, MCA. However, Montana's discovery rule tolls this limitation period "until the facts constituting the claim have been discovered or, in the exercise of due diligence, should have been discovered by the injured party if . . . the facts constituting the claim are by their nature concealed or self-concealing; or before, during, or after

7

the act causing the injury, the defendant has taken action which prevents the injured party from discovering the injury or its cause." § 27-2-102(3), MCA.

Gee contends that he exercised the due diligence required by attending the Lockton presentation on September 15, 2015 and, not being an expert on insurance, reasonably relied on Lockton's representations that the Disability Plan would provide complementary income protection. The first time Gee learned of the Sun Life policy offset was on May 14, 2019 when Sun Life asserted the provision as an affirmative defense in their answer. Gee filed the present lawsuit in November of 2020, well within either statute of limitations.

Lockton responds that any negligent misrepresentation or UTPA violation claims would necessarily be based on representations about the 2015 MassMutual insurance policy and, therefore, the claim would have accrued by January 1, 2017 when the policy was changed. However, as the Court has already determined that Gee has sufficiently plead claims based on Lockton's representations about the Disability Plan as a whole, this argument is similarly unpersuasive. Because Gee did not realize an injury stemming from the Disability Plan, and Lockton's alleged misrepresentations, until Sun Life asserted the offset policy as an affirmative defense on May 14, 2019, Gee did not discover the facts constituting his claim for negligent misrepresentation and UTPA violation until that date and the statute of limitations must be tolled. Gee's complaint, filed on November 4, 2020, is timely.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants Lockton, *et al.*'s Motion Dismiss (Doc. 9) is **DENIED**.

The Clerk of Court is directed to notify counsel of the making of this Order.

DATED this 19th day of April, 2021.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge