IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KYLE GEE,<br><br>    Plaintiff,<br><br>vs.<br><br>LOCKTON, INC., et al.,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>vs.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>    Third-Party Defendant. | CV 20-165-BLG-SPW<br><br>ORDER |

  Before the Court is Third-Party Defendant Massachusetts Mutual Life Insurance Company's ("MassMutual") Motion to Dismiss. (Doc. 32). MassMutual moves to dismiss the Third-Party Complaint filed by Lockton, Inc., et al. ("Lockton") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 32 at 2). Lockton, in its response, requests that the Court dismiss Plaintiff's underlying claims as requested by MassMutual or, in the alternative, deny MassMutual's motion, should the underlying Complaint survive. (Doc. 37 at 3).

1

Plaintiff Kyle Gee opposes MassMutual's motion and asserts that Gee has standing to pursue the underlying litigation and that he has asserted claims upon which relief can be granted. (Doc. 39 at 2). The Court held oral argument on the motion on November 18, 2021. After considering the parties' briefing and arguments made at the hearing, the Court agrees with Gee and Mass Mutual's motion is denied for the following reasons.

I. Background

Plaintiff has already survived one motion to dismiss. (*See* Doc. 23). In that order, the Court recited the facts alleged in the complaint. They are restated here for convenience.

Kyle Gee is a former employee of Billings Clinic and member of the Clinic's Senior Executive Team ("SET"). Lockton is the world's largest privately owned and independent insurance broker.

In 2015, Billings Clinic partnered with Lockton to design and implement an enhanced income disability insurance benefit plan ("the Disability Plan or Plan") for SET members. Billings Clinic explained to SET members that the new plan was designed to provide maximum income protection. Representatives from Lockton met with SET members, including Gee, on September 15, 2015 to explain the Disability Plan's structure and benefits. Lockton stated that the Plan consisted of two policies: an employer paid group LTD policy and a supplemental LTD

policy. The first policy would provide 60% of a SET member's gross income up to $10,000 a month in the event of a disability. The second policy would provide additional income coverage up to $12,500 a month. Lockton represented that the two policies would complement each other to provide up to a combined $22,500 a month ($450,000 annually) in income protection. Lockton provided each member with a personalized proposal for the supplemental insurance policy. The personalized policies came from MassMutual Life Insurance Company and Reliastar Life Insurance Company provided the group policy.

On January 1, 2017, Billings Clinic and Lockton decided to change insurers for one of the policies underlying the SET disability plan. As a result, Sun Life Assurance Company of Canada replaced the Reliastar group policy in the Plan. It is unclear what information was provided to Gee and other SET members about this policy change.

Beginning in October 2017, injuries from a previous car accident prevented Gee from continuing in his employment. Gee resigned from his position at Billings Clinic on November 30, 2017, due to disability and applied for disability benefits under the Plan in December 2017. MassMutual awarded benefits under its policy on March 13, 2018, at a rate of $4,457 a month. That same day, Sun Life denied Gee's claim for additional benefits.

On April 15, 2019, Gee filed a civil action against Sun Life seeking full recovery of benefits due under the policy. On May 14, 2019, Sun Life asserted an affirmative defense to Gee's claim that any benefits owed to Gee under the insurance company's policy were subject to an offset from any other insurance benefits received from an employer's group plan. Sun Life claimed this offset allowed the company to deduct the full value of the benefits Gee received under the MassMutual policy.

The parties eventually settled the case in November 2019. Gee subsequently filed the present lawsuit on November 4, 2020 seeking recovery of the supplemental income benefits from Lockton. Lockton then filed a Third-Party Complaint against MassMutual, alleging that, if Lockton is found liable to Gee, then MassMutual should completely indemnify Lockton and be held responsible for proportionate and/or pro rata shares of any fault apportioned to Lockton as well as Lockton's costs and expenses, including reasonable attorneys' fees. (Doc. 25 at 6).

## II. Legal Standards

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1). *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and therefore an Article III federal court lacks subject matter

4

jurisdiction over the suit"). When a defendant makes a Fed. R. Civ. P. 12(b)(1) facial attack over standing, the defendant asserts that, even accepting plaintiff's allegations as true and drawing all reasonable inferences in plaintiff's favor, plaintiff's allegations prove insufficient on their face to invoke federal jurisdiction. In order to satisfy the Article III standing requirement, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint is construed in the light most favorable to the non-moving party. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). However, the complaint is insufficient if it provides only "labels

and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

If the complaint fails to demonstrate facial plausibility, the reviewing court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir 2000) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)).

### III. Analysis

MassMutual argues that Gee's alleged injury—that is, the failure of Lockton to procure a group plan (the Sun Life plan) that complemented (instead of offset) benefits provided by the MassMutual plan—is hypothetical because Gee settled with Sun Life rather than litigate whether the offset would actually apply. (Doc. 33 at 14-15) ("The entire basis of Gee's claim is speculative and fictitious"). In MassMutual's view, Sun Life never actually offset Gee's benefits because Sun Life never found Gee entitled to benefits in the first place. Therefore, a claim stemming from that offset is not concrete because it does not present an injury-in-fact. (Doc. 33 at 10-11). In short, MassMutual asserts that the application of the offset payment was a negotiation tactic rather than the result of an actual claims process and that the settlement between Sun Life and Gee defeats any injury in fact, i.e., concreteness.

Gee responds that, in the Complaint, Gee alleges that Lockton failed in its role as broker to ensure that the income disability policies coordinated in a manner that provided maximum income protection and that because of that failure, Gee suffered financial injury. (Doc. 39 at 3). First, Gee contends that the Court, taking the allegations as fact, already determined that Gee pled cognizable claims against Lockton, therefore a live controversy exists. (Doc. 39 at 5). Next, Gee further argues that he has sufficiently pointed to evidence that Sun Life asserted the offset provision. Specifically in paragraphs 38, 40, and 41 of the Complaint, Gee averred that Sun Life claimed the application of the offset resulted in a reduction of any benefits due to Gee under the policy. (Doc. 39 at 6-7). Gee asserts that he had a legally protectable interest in relying on Lockton's representations regarding maximum offset protection because he was actually harmed by not being entitled to the full extent of the disability benefits contracted for and represented to Gee. (Doc. 39 at 10). In summary, Gee argues that the manner the policy was drafted resulted in harm in the form of dramatically fewer benefits that Gee would have received absent the offset provision and that injury is concrete and particularized.

MassMutual replies that it and Lockton are not responsible for Gee's settlement decisions with Sun Life or "perceived diminished compensation" that Gee feels he agreed to as part of that settlement. (Doc. 42 at 11). MassMutual further states that Sun Life's assertion that the offset would apply is "nothing more

than a well-played negotiation strategy." (Doc. 42 at 8). In MassMutual's view, the threshold inquiry of whether the MassMutual policy was subject to the Sun Life offset provision was in dispute between Sun Life and Gee and that by settling the matter, Gee rendered that issue dead and the current issue before the Court merely hypothetical. (Doc. 42 at 9-10). Essentially, MassMutual does not dispute that the offset language impacted settlement, but instead that any reduction cannot support standing.

MassMutual relies primarily on three cases in support of its argument that the injury Gee asserts is merely hypothetical. (*See* Doc. 33 at 9-14). In *Kendall v. Employees' Retirement Plan of Avon Products*, the plaintiff attempted to assert claims under ERISA alleging that her employer's benefit plan discontinued certain offsets at various times. 2007 WL 2728430 at *6 (S.D.N.Y 2007). The court determined that the plaintiff lacked standing to bring those claims because the offsets never actually applied to plaintiff and any resulting harm was therefore speculative.[1] *Id.*

In *California Medical Ass'n v. Kizer*, plaintiffs sued the state of California alleging that a proposed cut to state insurance reimbursement rates would violate federal laws and regulations and sought declaratory and injunctive relief to that

---

[1] One offset applied upon earning 50 years of service time; plaintiff retired after nearly 32 years. Another offset applying a different rate of accrual before age 25 and after did not apply to plaintiff because she was already older than 25 when she began working for her employer.

8

effect. California then filed a third-party complaint against the Secretary of Health and Human Services claiming that the promulgated federal regulations were unlawful. 1988 WL 235547 at *1 (E.D. Cal. 1998). The Court dismissed the third-party complaint, finding that the injury alleged—the threat of future disallowance of federal funds—is speculative because the mere availability of federal funds is not an entitlement that those funds will be granted. *Id.* at *5. Accordingly, without a concrete determination that the funds would or would not be paid, the state had not suffered an injury under Article III sufficient to create standing. *Id.*

In *Continental Casualty Co. v. Fibreboard Corp.*, an insurer filed a declaratory action seeking a determination that it was not obligated to indemnify the defendant for punitive damages awarded in settlements in West Virginia and Texas. 4 F.3d 777, 779 (9th Cir. 1993). The Court determined that the controversy asserted was not one where the Court could grant effective relief, and therefore the plaintiff lacked standing. *Id.* The Court found that the insurance contract did not expressly exclude coverage for punitive damages unless such damages are forbidden as a matter of public policy. Therefore, according to the Court, a determination in the plaintiff's favor would be ineffective to relieve it of its settled obligations after the fact because plaintiff had not asserted those claims

9

at the time the settlements were decided. *Id.* Consequently, the Court dismissed the action for lack of subject matter jurisdiction. *Id.*

MassMutual analogizes these holdings to Gee's claims, stating that the alleged injury is speculative and neither occurred nor could have occurred and that Gee is seeking to re-litigate a settled issue. However, the Court finds that each of the three cases MassMutual relies upon are distinguishable. Gee alleges (and at this stage those allegations must be taken as true) that the harm occurred through the manner in which the policy was drafted because it did not clearly provide offset protection. The Court cannot conclude that this injury is not sufficiently concrete—Gee alleges that he relied on Lockton to draft a policy that provided maximum protection and that he had a legally protectable interest in doing so. The injury alleged is the difference between the amount of benefits absent the offset and the amount of benefits applying the offset, which renders the harm more than speculative. Unlike in *Kendall*, it is not apparent that Gee would have never qualified for the benefits he claims. Unlike *Kizer*, the harm has already occurred; Gee is not seeking to enjoin future, indeterminate action. And unlike *Continental Casualty*, this action alleges harm that can be redressed by a judgment in Gee's favor. The harm he alleges lies with Lockton as the broker, and MassMutual through Lockton, according to Lockton's third-party complaint.

Accordingly, the Court finds that it has subject matter jurisdiction under Article III and that Gee has sufficiently stated claims upon which relief can be granted.

## IV. Conclusion

**IT IS HEREBY ORDERED** that Third-Party Defendant MassMutual's Motion Dismiss (Doc. 32) is **DENIED**.

DATED this 4th day of April 2022.

SUSAN P. WATTERS
United States District Judge